**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GERRELL LOVE | ) | |
| | ) | |
| Plaintiff, | ) | Case No:  1:20-cv-07412 |
| | ) | |
| CITY OF CHICAGO, A/O HUBERTS #9883, | ) | |
| OFFICER B C Smith #16812, and JOHN DOES | ) | |
| 1-4, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT**

NOW COMES the Plaintiff, GERRELL LOVE, by and through his attorneys, KNELL, O'CONNOR, DANIELEWICZ and for his Amended Complaint against the Defendants, CITY OF CHICAGO, A/O HUBERTS #9883, OFFICER B C Smith #16812, and JOHN DOES 1-4 states as follows:

**Nature of Action**

1.     This action is brought pursuant to the Laws of the United States Constitution through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants in connection with an incident on May 30, 2020.

2.     The lawsuit seeks damages for: (1) unlawful arrest in violation of the Fourteenth Amendment to the United States Constitution; (2) the use of excessive force in violation of the Fourteenth Amendment to the United States Constitution; (3) the cover-up of the use of excessive force pursuant to an official policy of the Cook County Sheriff's Office and the City of Chicago in violation of the Fourteenth Amendment to the United States Constitution; and (4) committing the state law tort of intentional infliction of emotional distress.

**Jurisdiction and Venue**

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

4. At all relevant times, the Plaintiff, GERRELL LOVE, was a resident of the State of Illinois in this Judicial District.

5. At all relevant times, CITY OF CHICAGO was a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF CHICAGO was the employer of Defendants A/O HUBERTS #9883, OFFICER B C Smith #16812, and JOHN DOES 1-4.

6. Defendants, A/O HUBERTS #9883 and OFFICER B C Smith #16812 were at all relevant times employed by Defendant, CITY OF CHICAGO as duly appointed police officers acting within the course and scope of their employment and under color of law.

7. Defendants, A/O HUBERTS #9883 and OFFICER B C Smith #16812 are being sued in their individual capacities with respect to the federal claims. The state claims against CITY OF CHICAGO are being advanced pursuant to Illinois' indemnification statute.

8. Defendants, JOHN DOES 1-4 were at all relevant times employed by Defendant, CITY OF CHICAGO as duly appointed police officers acting within the course and scope of their employment and under color of law.

9. Defendant, JOHN DOES 1-4 are being sued in their individual capacities with respect to the federal claims. The state claims against CITY OF CHICAGO are being advanced pursuant to Illinois' indemnification statute.

10. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Factual Allegations**

11.     Plaintiff restates and reincorporates by reference Paragraphs 1-10 of his Complaint as if fully set forth herein as Paragraph 11.

12.     Pursuant to the precedent established by the Honorable United States Court of Appeals for the 7th Circuit, federal law dictates that " [a] § 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of [the] action." *Brademas v. Ind. Hous. Fin. Auth.*, 354 F.3d 681, 685 (7th Cir. 2004) (citing *Hondo, Inc v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994)). Furthermore, this Honorable Court upheld the precedent established by the 7th Circuit, holding that, under the federal discovery rule, "Section 1983 unlawful search claim[s] [do] not accrue. . . [until] at the later time that [Plaintiff discovers] the warrant used to execute that search was obtained through Officers' false statements." *Johnson v. Garza*, 564 F. Supp. 2d 845, 851 (N.D. Ill. 2008). This Honorable Court reaffirmed the Johnson decision in *Booker v. City of Chicago*, stating that "The discovery rule instructs that accrual starts when plaintiff discovers . . ." that his civil rights had been violated. 2011 U.S. Dist. LEXIS 140920.

13.     Following the precedent established by the Supreme Court of the United States, the 7th Circuit Court of Appeals further held that the protection of qualified immunity is removed where a government official's "conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Brokaw v. Mercer County*, 235 F.3d 1000, 1022 (7th Cir. 2004) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

14.     Pursuant to precedent established by the Supreme Court of the United States, it is doubtless that "the basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992) (quoting *Carey v. Piphus*, 435 U.S. 247, 254 (1978)).

15. On May 30, 2020, A/O HUBERTS #9883 and OFFICER B C Smith #16812 were on patrol in their police vehicle when they pulled adjacent to the vehicle the Plaintiff was a passenger in and for no good cause activated their spotlight into the vehicle.

16. A/O HUBERTS #9883 and OFFICER B C Smith #16812 continued to drive adjacent to the Plaintiff's vehicle and continued to shine their spotlight into the vehicle causing the operator the vehicle to lose control and strike a median.

17. Plaintiff, GERRELL LOVE, exited the vehicle and Defendant, A/O HUBERTS #9883 approached him, rose his gun at Plaintiff and threatened him with harm.

18. Fearing grave danger, the Plaintiff, GERRELL LOVE, ran for safety.

19. The Defendant, A/O HUBERTS #9883 chased after the Plaintiff with his gun drawn yelling at him that he was going to shoot the Plaintiff if he did not stop.

20. There was no legal justification to point a firearm at the Plaintiff, GERRELL LOVE, and no legal justification for threatening to shoot the Plaintiff.

21. Defendant, A/O HUBERTS #9883 ran down the Plaintiff and struck him to the head several times with his gun.

22. There was no legal justification for A/O HUBERTS #9883 to strike the Plaintiff in the head with his gun.

23. The police report confirms Defendant, A/O HUBERTS #9883 performed multiple open hand strikes to the Plaintiff, GERRELL LOVE'S head.

24. The Plaintiff, GERRELL LOVE asserts the Defendant, A/O HUBERTS #9883 then threw him to the ground and started kicking him.

25. OFFICER B C Smith #16812 arrived at the scene and joined A/O HUBERTS #9883 in kicking and beating the Plaintiff.

26.    The Assisting Unit consisting of JOHN DOES 1-4, soon arrived at the scene and started beating the Plaintiff.

27.    The Plaintiff, GERRELL LOVE, had a seizure due to the beating.

28.    Plaintiff, GERRELL LOVE, was transported to Roseland Hospital from the scene of the arrest and treated at the hospital for head, neck, and back pain.

29.    The Defendant Officers concocted a false story that the vehicle in which the Plaintiff was a passenger was pulled over for a seatbelt violation.

30.    The Defendant Officers falsely claimed and asserted that the Plaintiff at some point reentered the vehicle, bending forward at the waist, appearing to conceal an unknown item back into the vehicle;  none of this was shown on the body cam footage of A/O HUBERTS #9883.

31.    The Defendant Officers authored a police report with this concocted/falsified the account of what had transpired, and thereafter provided this same concocted/falsified account to prosecutors and in court proceedings.

32.    The false police reports authored by the Defendant Officers, and the false accounts to the prosecutors and in court proceedings, led to the Plaintiff being charged with unlawfully possessing a firearm among other false charges.

33.    The Defendant Officers knew, or should have known, that there was no reasonable suspicion, probable cause, or legal justification to cause the Plaintiff to be detained, arrested, charged, and indicted.

34.    The May 30, 2020 use of force was done without legal justification and without probable cause. Similarly, the detention and arrest of the Plaintiff on May 30, 2020 were done without legal justification and without probable cause or reasonable suspicion. Further, the

Plaintiff's pretrial, post legal process detention, was done without legal justification and without probable cause. All of the Defendant Officers' above-referenced acts were intentional and/or willful and wanton and/or objectively unreasonable.

**COUNT I- 42 U.S.C. §1983**
**Unlawful/False Arrest – Defendant Officers**

35. The Plaintiff re-alleges Paragraphs 1 through 34, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 35.

36. As described in the preceding paragraphs the conduct of the Defendant Officers, acting under color of law, constituted an unlawful arrest of the Plaintiff in violation of the United States Constitution.

37. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

38. The acts of the Defendant Officers were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

39. As a direct and proximate result of the acts of the Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, GERRELL LOVE, prays for judgment in his favor and against the Defendant Officers, A/O HUBERTS #9883, OFFICER B C Smith #16812, and JOHN DOES 1-4, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT II - 42 U.S.C. §1983
### Excessive Force – Defendant Officers

40.     The Plaintiff re-alleges Paragraphs 1 through 39, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 40.

41.     As described above, the Defendant Officers used excessive, unreasonable and unwarranted force against the Plaintiff.

42.     The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

43.     The acts of the Defendant Officers were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

44.     As a direct and proximate result of the acts of the Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, GERRELL LOVE, prays for judgment in his favor and against the Defendant Officers, A/O HUBERTS #9883, OFFICER B C Smith #16812, and JOHN DOES 1-4, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT III- Common Law Battery
### Defendant Officers

45.     The Plaintiff re-alleges Paragraphs 1 through 44, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 45.

46. On or around May 30, 2020, Defendant Officers battered Plaintiff, GERRELL LOVE by intentionally and offensively contacting Plaintiff, GERRELL LOVE's body when he pulled Plaintiff's arms behind his back, placed cuffs on Plaintiff's wrists, and physically forced Plaintiff to the ground.

47. Defendant Officers committed this act of battery via judicial deception and gross violation of the United States Constitution, and thus waived their protection of qualified immunity.

48. As a result of the Defendant Officers complained of act of battery, Plaintiff, GERRELL LOVE, suffered physical, mental, and emotional distress, economic damages, and will continue to suffer in the future.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order declaring that Defendant Officers are not protected by qualified immunity, and demands judgement against Defendant Officers, A/O HUBERTS #9883, OFFICER B C Smith #16812, and JOHN DOES 1-4, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### COUNT IV- Intentional Infliction of Emotional Distress Claim
### Defendant Officers

49. The Plaintiff re-alleges Paragraphs 1 through 48, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 49.

50. As described above, the conduct of Defendant Officers, A/O HUBERTS #9883, OFFICER B C Smith #16812, and JOHN DOES 1-4 on May 30, 2020 was extreme and outrageous, including without limitation using malicious and excessive force against Plaintiff, GERRELL LOVE without provocation or justification.

51. Defendants either intended to inflict emotional distress upon Pettiford when engaging in this conduct, or knew that there was a high probability that such conduct would result in such distress.

52. Defendants' conduct caused Plaintiff, GERRELL LOVE to suffer severe emotional distress that no reasonable person could be expected to endure.

WHEREFORE, Plaintiff demands judgement against Defendant Officers, A/O HUBERTS #9883, OFFICER B C Smith #16812, and JOHN DOES 1-4, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### COUNT V – Illinois State Law
### Indemnification - CITY OF CHICAGO

53. The Plaintiff re-alleges Paragraphs 1 through 52, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 53.

54. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

55. At all relevant times the CITY OF CHICAGO was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, GERRELL LOVE, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, CITY OF CHICAGO, in the amounts awarded to the Plaintiff against the Defendants, A/O HUBERTS #9883, OFFICER B C Smith #16812, and JOHN DOES 1-4, and for whatever additional relief this Court deems just and appropriate.

Respectfully Submitted,

/s/ John O'Connor_____
Attorney for Plaintiff

John O'Connor
Knell, O'Connor, Danielewicz
901 W. Jackson Blvd, Ste 301
Chicago, IL 60607
Ph: (312) 277-3000
Fax: (312) 277-3008
Email: joconnor@knelloconnor.com